<u>**UNPUBLISHED**</u>

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

---

**No. 04-1112**

---

JACQUELYN A. COOTS, Guardian of the Property
for the Minor Children; TNW; NIW; HW; MPW,

Plaintiffs - Appellees,

versus

WACHOVIA SECURITIES, INCORPORATED, formerly
known as First Union Brokerage Services,
Incorporated,

Defendant - Appellant,

and

WACHOVIA BANK, N.A., formerly known as First
Union Brokerage Services, Incorporated,
formerly known as First Union Bank,

Defendant.

---

**No. 04-1384**

---

JACQUELYN A. COOTS, Guardian of the Property
for the Minor Children; TNW; NIW; HW; MPW,

Plaintiffs - Appellees,

versus

WACHOVIA BANK, N.A., formerly known as First
Union Brokerage Services, Incorporated,
formerly known as First Union Bank,

                                    Defendant - Appellant,

        and

WACHOVIA SECURITIES, INCORPORATED, formerly
known as First Union Brokerage Services,
Incorporated,

                                    Defendant.

─────────────

Appeals from the United States District Court for the District of
Maryland, at Greenbelt.  Peter J. Messitte, District Judge.  (CA-
03-705-PJM)

─────────────

Argued:  October 28, 2004          Decided:  December 10, 2004

─────────────

Before LUTTIG, MOTZ, and DUNCAN, Circuit Judges.

─────────────

Vacated and remanded by unpublished per curiam opinion.

─────────────

Virginia Wood Barnhart, POPE & HUGHES, P.A., Towson, Maryland, for
Appellant.  Stephen Bennett Mercer, SANDLER & MERCER, P.C.,
Rockville, Maryland, for Appellees.

─────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Appellee Jacquelyn Coots, as guardian to four minor children, filed an action in Maryland state court against Wachovia Securities, Inc., alleging that Wachovia Securities wrongfully converted life insurance proceeds disbursed to the children upon the death of their father. J.A. 351. Wachovia Securities removed the case to the United States District Court for the District of Maryland. J.A. iv. In the district court, Coots amended her complaint to add Wachovia Bank, N.A., as a defendant. J.A. 78. The amended complaint invoked only the diversity jurisdiction of the district court under 28 U.S.C. § 1332. J.A. 80. The defendants filed a motion to compel arbitration, which the district court denied without addressing its diversity jurisdiction, J.A. 350-59, and the defendants appeal.

It appears that the district court lacked diversity jurisdiction of this action. Section 1332(a) of title 28 of the United States Code requires "complete diversity between the real and substantial parties in interest." Roche v. Lincoln Property Co., 373 F.3d 610, 615 (4th Cir. 2004). Coots is a citizen of Maryland. J.A. 79. Wachovia Bank, N.A., is a citizen of every state in which it operates branch offices. 28 U.S.C. § 1348 ("All national banking associations shall . . . be deemed citizens of the States in which they are respectively located."); Wachovia Bank, N.A. v. Schmidt, ___ F.3d ___, No. 03-2061, slip op. at 27 (4th

3

Cir. 2004) ("[W]e hold that a national banking association is 'located' under section 1348 in any state where it operates branch offices."). It appears that Wachovia Bank operates branch offices in Maryland and is therefore a citizen of Maryland. See http://wachovia.via.infonow.net/locator/jsp/ index.jsp (listing five Wachovia branch offices in the Baltimore area). In fact, at oral argument, counsel for Wachovia conceded that, if national banks were deemed citizens of the states in which they operate branch offices, there would be no diversity jurisdiction here. And neither party has argued that Wachovia Bank is not a "real and substantial party in interest." It therefore appears that complete diversity is lacking.

Because both Coots and Wachovia Bank appear to be citizens of Maryland, we vacate the judgment of the district court and remand for a determination of whether there is diversity jurisdiction in this case.

<u>VACATED AND REMANDED</u>

4